Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
Rick Dalton Law Firm, LLC
111 Park West Drive
Scott, LA 70583
rick@rickdalton.law
Tel. (337) 371-0375

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | | |
|---|---|---|
| **SUPERIOR GUNITE** | § | **CIVIL ACTION NO:** |
| | § | |
| ***Plaintiff*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FORD MOTOR COMPANY** | § | |
| | § | |
| ***Defendant*** | § | **JURY TRIAL REQUESTED** |

# COMPLAINT

## I. Parties

1. Plaintiff, SUPERIOR GUNITE, is a California corporation with its principal place of business in California. Plaintiff is therefore a citizen of California for purposes of diversity jurisdiction.

2. Defendant, FORD MOTOR COMPANY, hereinafter "FORD," is a Michigan corporation that was incorporated in the state of Delaware and is a citizen of both the states of Michigan and Delaware. Its principal place of business is in Wayne County, Michigan and is the engine and chassis manufacturer of the motor vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

FORD's agent for service of process is C T CORPORATION SYSTEM, 330 N BRAND BLVD, GLENDALE, CA 91203.

**II. Jurisdiction**

3. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law, and the amount of controversy exceeds $50,000.00. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Michigan, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**III. Venue**

4. Venue is proper in this district under 28 U.S.C. §1391(b)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

**IV. Conditions Precedent**

5. All conditions precedents have been performed or have occurred.

**V. Facts**

**A. The Transaction**

6. On January 20, 2022, Plaintiff purchased a new 2022 FORD SUPER DUTY F-600 DRW bearing VIN: 1FDNF6DE9NDF08573, hereinafter "Subject Vehicle," from KNIGHT SUNRISE FONTANA LLC in California.

The purchase price was $99,757.03. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See **Hughes v. Segal Enterprises, Inc., 627 F. Supp. 1231, 1238**

**(W.D. Ark. 1986); Chariton Vet Supply, Inc. v. Moberly Motors Co., 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

**B. Implied Warranties**

7. As a result of the sale of the Subject Vehicle by Defendant to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the Subject Vehicle would pass without objection in the trade under the contract description; and that the Subject Vehicle was fit for the ordinary purpose for which such Subject Vehicle are purchased.

8. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

**C. Express Warranties**

9. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the Subject Vehicle occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the Subject Vehicle had, in fact, repaired the defects.

10. Plaintiff's purchase of the Subject Vehicle was accompanied by express warranties offered by the Defendant and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the Subject Vehicle.

11. The applicable written warranties covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and

adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the Defendant's warranty booklet and owner's manual.

**D. Actionable Conduct**

12. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the following**:**

**A. ENGINE AND ENGINE OIL-PRESSURE DEFECTS, NON-CONFORMITIES AND CONDITIONS RESULTING IN REPEATED LOSS OF POWER, RECURRING CHECK-ENGINE WARNINGS, INADEQUATE OIL PRESSURE, AND A RECOMMENDED ENGINE REMOVAL AND TEARDOWN FOR SUSPECTED INTERNAL MECHANICAL FAILURE;**

**B. DRIVELINE AND REAR DIFFERENTIAL DEFECTS, NON-CONFORMITIES AND CONDITIONS RESULTING IN GRINDING NOISE, DAMAGED AND PITTED PINION AND RING-GEAR COMPONENTS, METAL CONTAMINATION, AND THE REPLACEMENT OF THE DIFFERENTIAL AND CARRIER ASSEMBLY;**

**C. TRACTION-CONTROL, WHEEL-SPEED-SENSOR AND CRUISE-CONTROL DEFECTS, NON-CONFORMITIES AND CONDITIONS;**

**D. BRAKING SYSTEM DEFECTS, NON-CONFORMITIES AND CONDITIONS INCLUDING AN ABNORMALLY FIRM BRAKE PEDAL, ABNORMAL ENGINE-RPM INCREASES DURING BRAKING, AND A REPORTED AIR LEAK; AND**

**E. ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED ON ANY AND ALL REPAIR ORDERS;**

13. Between July 24, 2025, and March 11, 2026, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Sunrise Ford, on three occasions for conditions that included repeated loss of power, an illuminated check-engine light, grinding or rotational noise, an illuminated traction-control light, inoperable cruise control and braking concerns. During those visits, the differential and carrier assembly, engine oil-pressure components and left-rear wheel-speed sensor were replaced, but the loss-of-power condition recurred. These three repair visits rendered the Subject Vehicle out of service for approximately 81 days. Plaintiff again presented the Subject Vehicle to Sunrise Ford on June 9, 2026, for loss of power and an illuminated check-engine light, after which engine removal and teardown were recommended to diagnose a suspected internal mechanical failure.

14. Since purchase, Plaintiff has returned the Subject Vehicle to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which the Defendant was given the opportunity to repair the Subject Vehicle the more significant and dangerous conditions were not repaired. The Defendant failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the Subject Vehicle continues to this day to exhibit some or all of the non-conformities described herein.

15. The defects experienced by Plaintiff with the Subject Vehicle substantially impaired its use, value and safety.

16. Plaintiff directly notified the Defendant of the defective conditions of the Subject Vehicle.

## VI. Causes of Action

### COUNT 1: VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.

17. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

18. The Subject Vehicle is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

19. Plaintiff is a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

20. The Defendant is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

21. The sale of the Subject Vehicle to Plaintiff was accompanied by an express written warranty.

22. The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the Subject Vehicle and or can cause serious bodily injury or death.

23. Plaintiff has tendered their Subject Vehicle to the Defendant for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

24. The Defendant has not repaired the non-conformities after a reasonable number of attempts and, as such, has failed to comply with and has breached all applicable warranty requirements.

25. Further, the sale of the Subject Vehicle to Plaintiff was accompanied by implied warranties that the Subject Vehicle was merchantable and fit for a particular use.

26. Defendant has breached the implied warranties of merchantability and fitness for a particular use because the Subject Vehicle when sold would not pass without objection in the trade.

27. Despite its breach of the express and implied warranties, the Defendant has refused Plaintiff's demand for a refund or replacement.

28. By the failure of the Defendant to remedy the defects as alleged above, or to issue a refund or replacement, the Defendant is in breach of their obligations under the Song-Beverly Consumer Warranty Act.

29. The Defendant's continuing breach of its obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, the Defendant is liable to Plaintiff for civil penalties in an amount as set forth below.

30. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of the Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

31. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

32. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

33. Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2301(4) and (5).

34. The Subject Vehicle is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(1).

35. The express warranties more fully described hereinabove pertaining to the Subject Vehicle are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

36. The actions of Defendant in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the Subject Vehicle tendered to Plaintiff constitute a breach of the written and implied warranties covering the Subject Vehicle and hence a violation of the Magnuson-Moss Warranty Act.

37. Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

38. As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth hereinabove, Plaintiff has been damaged hereinabove in an amount in excess of $200,000.00 according to proof at trial.

39. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

**COUNT 3: BREACH OF EXPRESS WARRANTIES**

40. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

41. Defendant issued written warranties covering defects in factory materials or workmanship and promising qualifying repairs during the applicable warranty periods.

42. As alleged above, the Defendant breached its warranties by offering for sale, and selling as safe to Plaintiff a Subject Vehicle that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

43. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

44. The damages Plaintiff has suffered as a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the Subject Vehicle; costs of repairs; expenses associated with returning the Subject Vehicle for repeated repair attempts; economic losses; loss of use; damages; and attorney fees.

**COUNT 4: BREACH OF IMPLIED WARRANTIES**

45. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

46. The Defendant impliedly warranted that the Subject Vehicle which it designed, manufactured, and sold, was merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

47. Because of the defects, the Subject Vehicle is unsafe and unfit for use and has caused economic loss to the Plaintiff. Therefore, the Defendant breached the implied warranty of merchantability.

48. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the Subject Vehicle; costs of repairs; expenses associated with returning the Subject Vehicle for repeated repair attempts; economic losses; loss of use; damages; and attorney fees.

## VII. Economic and Actual Damages

49. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

a. Out of pocket expenses, including but not limited to the money paid towards the note securing the Subject Vehicle;

b. Loss of use;

c. Loss of the "benefit of the bargain";

d. Diminished or reduced market value; and

e. Costs of repairs.

## VIII. Request for Rescission

50. Plaintiff seeks a damages remedy as an alternative to the remedy of rescission which is requested in the following paragraph.

51. Plaintiff revokes their acceptance of the subject vehicle for the reason that its defects substantially impair its value to Plaintiff and acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of the Defendant that the defects in the subject vehicle would be repaired. Accordingly, Plaintiff seeks a cancellation of the automobile purchase transaction and an order of the court restoring to them the money obtained by Defendant as a result of the false representations and breaches of warranty set forth above. Plaintiff also seeks cancellation of the debt and now offers to return the automobile to Defendant.

**IX. Attorney Fees and Costs**

52. Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

**X. Prayer**

53. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

a. For general, special and actual damages according to proof at trial;

b. Rescinding the sale of the Subject Vehicle and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c. For incidental and consequential damages according to proof at trial;

d. Out of pocket damages for expenditures related to any cost of repairs, deductibles, and towing charges.

e. Any diminution in value of the Subject Vehicle attributable to the defects;

f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Damages for loss of use of Subject Vehicle;

i. Civil Penalties and/or Punitive damages

j. Attorney fees;

k. Costs of suit, expert fees and litigation expenses; and

l. All other relief this Honorable Court deems appropriate.

**XI. Demand for Jury Trial**

54. Plaintiff hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ Richard C. Dalton

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
111 Park West Drive
Scott, LA 70583
rick@rickdalton.law
Tel. (337) 371-0375
ATTORNEY FOR PLAINTIFF